# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

CASE NO:

WILLIAMS INDUSTRIAL SERVICES
GROUP, LLC,

    Plaintiff,

vs.

FIDELITY AND DEPOSIT COMPANY
OF MARYLAND, ZURICH AMERICAN
INSURANCE COMPANY,
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA
and FEDERAL INSURANCE
COMPANY,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Williams Industrial Services Group, LLC ("Williams") hereby sues Defendants, Fidelity and Deposit Company of Maryland ("Fidelity"), Zurich American Insurance Company ("Zurich"), Travelers Casualty and Surety Company of America ("Travelers") and Federal Insurance Company ("Federal") (collectively the "Sureties"), and alleges:

## PARTIES, JURISDICTION, VENUE

1. This is an action for money damages exceeding $75,000, plus attorneys' fees, interest, and costs.

2. Williams is a foreign limited liability company organized and existing under the laws of Georgia and registered in Florida with its principal place of business located at 100 Crescent Centre Parkway, Suite 1240, Tucker, Georgia 30084.

1

3. Fidelity is a foreign corporation organized and existing under the laws of Illinois and registered in Florida with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196 and with its registered agent as the Chief Financial Officer located at 200 E. Gaines St., Tallahassee, FL 32399-0000.

4. Zurich is a foreign corporation organized and existing under the laws of New York and registered in Florida with its principal place of business located at 1299 Zurich Way, Schaumburg, IL 60196 and with its registered agent as the Chief Financial Officer located at 200 E. Gaines St., Tallahassee, FL 32399-0000.

5. Travelers is a foreign corporation organized and existing under the laws of Connecticut and registered in Florida with its principal place of business located at One Tower Square, Hartford, CT 06183 and with its registered agent as the Chief Financial Officer located at 200 E. Gaines St., Tallahassee, FL 32399-0000.

6. Federal is a foreign corporation organized and existing under the laws of Indiana and registered in Florida with its principal place of business located at One American Square, Suite 2600, Indianapolis, IN 46282 and with its registered agent as the Chief Financial Officer located at 200 E. Gaines St., Tallahassee, FL 32399-0000.

7. This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Williams and Sureties are citizens of different states.

8. Venue is proper in the Middle District of Florida as the project that is the subject of the dispute between the parties is in Duval County, Florida and all the actions that support Williams's claim against Sureties occurred in Duval County, Florida.

9. Williams performed all conditions precedent to the institution of this action, or the conditions have been excused or otherwise waived.

10. Williams has retained the undersigned law firm and has agreed to pay it reasonable attorneys' fees and costs, which Williams is entitled to recover from Sureties pursuant to Sections 627.428, 627.756, and 255.05, Florida Statutes.

### FACTUAL BACKGROUND AND BREACH OF BOND

11. At all times material hereto, Jacksonville Electric Authority, a body politic and corporate ("JEA"), has been and is the owner of certain real property located 5145 Longleaf Pine Parkway in Saint Johns, FL, and the construction project known as Blacks Ford Water Reclamation Facility Phase 4 Expansion (the "Project").

12. JEA, as a contracting public entity, and PCL Construction, Inc. ("PCL") entered into a written agreement ("Prime Contract") dated March 7, 2016 wherein PCL agreed to serve as the prime contractor for the improvements and construction of the Project.

13. PCL and Williams entered into a written subcontract dated March 22, 2016 ("Subcontract") wherein Williams agreed to perform specified cast-in-place concrete work for the Project.

14. PCL and Sureties executed a payment bond pursuant to Section 255.05, Florida Statutes, binding Sureties, jointly and severally, to promptly pay for labor, services, and materials furnished for the prosecution of the work under the Prime Contract and Subcontract for the Project (the "Payment Bond"). A true and correct copy of the Payment Bond is attached hereto as **Exhibit A** and incorporated herein by reference.

15. Williams is a claimant under the Payment Bond.

16. Williams substantially performed all obligations required to be performed under the Subcontract and change orders, but PCL and Sureties failed or refused to pay Williams all amounts owed.

17. Williams remains owed $379,680.71 for the labor, materials, and services furnished to the Project.

18. Williams instituted this action within one year from when Williams last furnished labor, materials, and services for the Project.

WHEREFORE, Williams respectfully requests that the Court render a judgment in favor of Williams and against Sureties for the amounts due to Williams, including interest, costs, and attorneys' fees, and grant such other and further relief as this Court deems just and appropriate under the circumstances.

Respectfully submitted this 15th day of August, 2019.

**SMITH, CURRIE & HANCOCK LLP**

*/s/ Joseph R. Young*
Joseph R. Young, Esq.
Florida Bar No. 92168
Primary E-mail: jryoung@smithcurrie.com
Secondary E-mail: lcherubin@smithcurrie.com

101 N.E. Third Avenue, Suite 1910
Fort Lauderdale, Florida 33301
Tel:       (954) 761-8700
Fax:      (954) 524-6927

***Attorneys for Williams Industrial Services Group, LLC***